Opinion issued December 17, 2009








In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00953-CV

____________


KRISTOFER THOMAS KASTNER, Appellant


V.


THE HONORABLE TOM LAWRENCE, INDIVIDUALLY AND AS
HARRIS COUNTY JUSTICE OF THE PEACE, Appellee






On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2009-47779






MEMORANDUM OPINION

 We dismiss this appeal for want of jurisdiction.

 On September 28, 2009, in an interlocutory order, the trial court sustained a
contest to an affidavit of indigence that appellant, Kristofer Thomas Kastner, filed
pursuant to Texas Rule of Civil Procedure 145. On November 13, 2009, the Clerk
of the Court sent appellant a notice letter advising him that the September 28, 2009
order he was appealing appeared to be an interlocutory one, not legally authorized to
be appealed. In the letter, the Clerk advised appellant that the Court might dismiss
the appeal for want of jurisdiction, unless, in a written response, he provided a
meritorious explanation showing that the Court had jurisdiction of the appeal.

 Appellant has filed a non-meritorious response, claiming, without any
supporting legal authority, that the September 28, 2009 order is a final judgment. 
There is no final appealable judgment. Appellant is instead attempting to appeal an
interlocutory order sustaining a contest to appellant's prejudgment affidavit of
indigence. 

 The general rule, with a few mostly statutory exceptions, is that an appeal may
be taken only from a final judgment. Kossie v. Smith, No. 01-08-00065-CV, 2009
Tex. App. LEXIS 1739 at *1 (Tex. App.--Houston [1st Dist.] March 9, 2009, no pet.)
(mem. op.) (citing Lehmann v. Har-Con Corp. 39 S.W.3d 191, 195 (Tex. 2001)). 
Interlocutory orders may be appealed only if allowed by statute. Kossie, at *1(citing
Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 352 (Tex. 2001)). The October
3, 2008 interlocutory order from which appellant has appealed is not an order that is
made appealable by statute. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)
(Vernon 2008). Thus, we lack subject-matter jurisdiction over an appeal of the
interlocutory order. See Kossie at *2 (dismissing appeal of interlocutory order
sustaining contest to affidavit of indigence); Kilsby v. Mid-Century Ins. Co. of Tex.,
No. 14-07-00981-CV, 2008 Tex. App. LEXIS 2380, (Tex. App.--Houston [14th
Dist.] Apr. 3, 2008, no pet.) (memo op.) (dismissing appeal of interlocutory order
sutaining challenge to affidavit of inability to pay costs); see also In re K. J. M., No.
02-08-038-CV, 2008 Tex. App. LEXIS 1924 (Tex. App.--Fort Worth Mar. 13, 2008,
no pet.) (memo op.) (dismissing appeal of interlocutory order sustaining challenge to
indigency affidavit and denying appointment of counsel to represent appellant in
habeas challenge to order of contempt in child-support-enforcement action). 

 We dismiss the appeal for lack of subject matter jurisdiction. Any pending
motions are overruled as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Massengale.